IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SCHARGORODSKY, # M-13605, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 13-437-GPM ) |
| C/O LIND, C/O JAMES, LT. STRICKLA, and DR. SHAH, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff is serving a nine year sentence for criminal sexual assault. Plaintiff claims that Defendants Lind, James, and Strickla, correctional officers, failed to protect him from an attack by his cellmate despite his warnings that he was in danger. He then claims Defendant Shah failed to properly treat the injuries sustained in the assault.

More specifically, Plaintiff claims that on July 25 and August 2, 2011, he wrote to Defendant Lind (of Internal Affairs) stating he had received threats due to his conviction, and did not feel safe (Doc. 1, p. 5).[1] He also relayed his concerns to Defendant Strickla (housing Lieutenant) and other officers, who "blew [him] off." *Id*. Defendant Lind called Plaintiff to

---

[1] Plaintiff references Exhibits A-L in the body of the complaint; however, he failed to attach those documents to his pleading and they have not been filed of record. It is not necessary for exhibits to be filed at this initial stage of the action. Plaintiff may submit them at the appropriate time, such as in response to a Defendant's motion to dismiss or for summary judgment, if one is filed.

Internal Affairs for an interview, in which Plaintiff asked to be moved to another cell in a different housing unit because his cellmate (Moore) had threatened his life. Defendant Lind said that he needed a week to see what he could do because he was very busy. When Plaintiff said he did not have a week and needed an immediate move, Defendant Lind responded that he could "either walk [himself] to seg or fight," and ordered Plaintiff to return to his cell (Doc. 1, p. 5).

On August 8, 2011, Plaintiff's cellmate Moore attacked him, hitting him repeatedly with a property box and stabbing Plaintiff's right hand with a shank. Defendants Lind and James (also of Internal Affairs) investigated the assault and documented Plaintiff's injuries. Plaintiff told them Moore had been trying to kill him. However, Defendants Lind and James refused to move Plaintiff to a different housing unit, and he still had daily contact with inmate Moore.

Defendant Shah (medical doctor) examined Plaintiff after the assault. The shank had penetrated Plaintiff's hand to the bone, but Defendant Shah told Plaintiff nothing was wrong with his hand. Plaintiff saw Defendant Shah "repeatedly" after the attack, but he refused to give Plaintiff any treatment (Doc. 1, p. 5). Plaintiff has "shooting pain" up his arm, loss of flexibility in two fingers, and his grip is very weak.

Plaintiff seeks damages and treatment for his medical issues (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Lind and Strickla for deliberate indifference to Plaintiff's safety and failure to protect him from assault by his cellmate **(Count 1)** and against

Defendant Shah for deliberate indifference to a serious medical need **(Count 2)**.  However, Plaintiff's allegations against Defendant James fail to state a claim upon which relief may be granted, and he shall be dismissed from the action.

In order to state a claim for deliberate indifference to Plaintiff's safety in the face of a risk of attack from a fellow prisoner, the complaint must indicate that Plaintiff made the defendant prison official aware of the risk he faced, but the official acted, or failed to act, in disregard of that risk.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).  Plaintiff states that he alerted both Defendant Lind and Defendant Strickla to his safety concerns before he was attacked by inmate Moore.  However, Defendant James's only involvement was to investigate the assault after the fact – thus, he had no advance warning to which he could have been deliberately indifferent.  Although Plaintiff continued to be housed near Moore, no further attack occurred.  And the complaint shows that Plaintiff is no longer incarcerated at Pinckneyville.  **Defendant James shall be dismissed with prejudice.**

Plaintiff's prayer for treatment of his medical issues is a request for injunctive relief that cannot be addressed in this action.  Plaintiff is now incarcerated at Lawrence, and would be under the medical care of staff at that facility.  Neither Defendant Shah nor any other named Defendant (all of whom work at Pinckneyville) has any responsibility for Plaintiff's current medical needs.  "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."  *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).  *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).  Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Pinckneyville under the conditions described in the complaint,

would it be proper for the Court to consider injunctive relief.  *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).  If Plaintiff's current medical needs are not being met at Lawrence, that problem would be the subject of another claim against other defendant(s).

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.  The motion for service of process at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.**  Service shall be ordered below for the Defendants who remain in the action.  Defendant James, who shall be dismissed, will not be served.

**Disposition**

Plaintiff has failed to state a claim upon which relief may be granted against Defendant **JAMES,** therefore he is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **LIND, STRICKLA,** and **SHAH**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  June 26, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge