IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY SCHARGORODSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:13-cv-437-NJR-DGW |
| | ) | |
| C/O LIND, DR. SHAH, and LT. SROKA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Second Motion to Amend the Complaint[1], filed by Plaintiff Anthony Schargorodsky on October 29, 2014 (Doc. 48). For the reasons set forth below, the Motion is **GRANTED IN PART**.

Federal Rule of Civil Procedure 15(a) states that a party may amend a pleading and leave to amend should be freely given "when justice so requires". The Seventh Circuit liberally allows amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). A court may deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

---

[1] Plaintiff's First Motion to Amend/Correct the Complaint, filed March 17, 2014, sought to correct mistakenly named Defendant Lt. Strikla with Lt. Sroka (Doc. 26).

In Plaintiff's Second Motion to Amend the Complaint (Doc. 48), he seeks to add a new defendant and include documents, i.e. grievance reports, which he did not include with his previous complaint[2]. More specifically, Plaintiff seeks to add Correctional Officer Belford as a defendant, alleging that Officer Belford was deliberately indifferent in failing to protect Plaintiff from an assault.  For Plaintiff to successfully state a claim for failure to protect, the complaint must establish that the "prison official was aware of the threat, but the official acted, or failed to act, in disregard of that risk." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  In his proposed amended complaint, Plaintiff claims he spoke with Belford and informed him of the threats being made by his cellmate, effectively making the officer aware of the risk, and Belford failed to take action necessary to prevent the attack.

The Court finds that, aside from the additional allegations brought against C/O Belford, much of Plaintiff's factual allegations remain unchanged from his initial complaint. Plaintiff has reiterated the two initial counts from his previous complaint. Also, Plaintiff has removed Defendant James as a party to this action in compliance with the preliminary review (Doc. 8). However, the Court notes that Plaintiff's prayer for medical treatment is a request for injunctive relief which cannot be addressed in this action; as previously noted in the merits review (Doc. 8). For the same reasons previously mentioned (Doc. 8), this is not an appropriate remedy this Court can consider in this matter.

This Court finds that justice so requires Plaintiff be granted leave to amend his complaint. There was no undue delay in filing the proposed complaint nor is it apparently dilatory or frivolous. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v.*

---

[2] Plaintiff's initial complaint references exhibits; however, none were attached (Doc. 1).

*Rooks, Pitts & Poust*, 290 F.3d 843, 948-49 (7th Cir. 2002) ("courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile.")).  Moreover, Defendants have failed to respond to Plaintiff's motion.  As Local Rule 7.1(g) dictates, "a party opposing a motion [to amend] shall have 14 days after service of the motion to file a written response."  Plaintiff's Motion to Amend was filed on October 29, 2014, and Defendants were e-mailed a copy of the proposed amended complaint on this same date.  Defendants have not filed a response. The Court will consider the failure to respond as an admission of the merits of Plaintiff's motion, pursuant to Local Rule 7.1(g).  Accordingly, Plaintiff's Second Motion to Amend his Complaint (Doc. 48) is **GRANTED IN PART**.

The Clerk of Court is **DIRECTED** to electronically file Plaintiff's proposed second amended complaint as the Second Amended Complaint.  Further, the Clerk of Court shall prepare for Defendant **C/O Belford**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.  Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certified stating the date on which a true and correct copy of any

document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certified of service will be disregarded by the Court.

**IT IS SO ORDERED**.

**DATED: November 18, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**