IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SCHARGORODSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO.  3:13-cv-437-NJR-DGW |
| | ) |
| C/O BART LIND, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

**WILKERSON, Magistrate Judge:**

This matter is before the Court *sua sponte* to reevaluate whether recruitment of counsel is warranted in this case. A review of the record reveals that discovery in this matter has been completed and dispositive motions have been filed. The Court notes that, although there is no constitutional or statutory right to appointment of counsel in a civil case, the Court may, in its discretion, appoint counsel to represent indigent civil litigants. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Moreover, the Court has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in this district. Members of the bar are obligated to accept appointments, provided an appointment is not made more than once during a twelve-month period. SDIL-LR 83.1(i).

In recruiting counsel, the Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *see also Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) ("the question is whether the difficulty

of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").

To date, the Court has considered Plaintiff more than capable of representing himself and perceives that Plaintiff would do an adequate job representing himself at trial. Nevertheless, for the benefit of the Court and in appreciation for the Court's trial calendar, the appointment of counsel will likely ensure that the final pretrial conference and trial run more efficiently.

Although counsel will be appointed, discovery will not be reopened, and additional dispositive motions will not be accepted. Further, the motion for summary judgment filed by Defendant Shah has been fully briefed and the Court will rule on Defendant's motion without further argument or briefing by appointed counsel. Counsel is appointed for purposes of the final pretrial conference and trial only. The appointment will not extend to any appeal, although counsel is expected to fully advise plaintiff of his appellate rights and the basic procedure for any appeal. The record is available through the Court's electronic filing system (CM-ECF). Plaintiff should prepare his litigation file for his attorney so that counsel has ample time to prepare for the final pretrial conference and trial. Plaintiff's counsel will have to coordinate communication with Plaintiff and the transfer of the legal file through prison officials. Defense counsel, Illinois Assistant Attorney General Melissa A. Jennings, is encouraged to facilitate the exchange of documentation.

**IT IS THEREFORE ORDERED** that **Attorney John Tyler Robinson** of the firm **Heyl Royster** is hereby **APPOINTED** to represent Plaintiff in the District Court, for purposes of the final pretrial conference and trial only. Attorney Robinson shall formally enter his appearance on or before **January 5, 2016**. A Telephonic Status Conference is set in this matter for **January 19,**

**2016 at 2:00 p.m.** Counsel for Defendants (IDOC) shall direct the call by conferencing in counsel for Plaintiff and then calling the Court's conference line at **618-482-9004**. In light of this Order, the Final Pretrial Conference and Trial dates in this matter are **VACATED** and will be **RESET** following the Status Conference on January 19, 2016.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it is Attorney Robinson who is the legal professional in this relationship. Counsel will likely, from time to time, advise Plaintiff against taking a certain course of action. While Plaintiff may not totally agree with counsel's advice, he should realize that, in the long run, such advice will be in his best interest because it is in compliance with the law.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. **Counsel is encouraged to enter into a fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail**.

Finally, counsel is informed that Plaintiff is currently incarcerated by the Illinois Department of Corrections at Big Muddy Correctional Center. Information about the facility is available at www.idoc.state.il.us.

The Clerk of Court is **DIRECTED** to send a copy of this Order and the standard letter concerning appointment of counsel to Attorney Robinson immediately.

**IT IS SO ORDERED.**

**DATED: December 21, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**