IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY SCHARGORDOSKY,          )
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )          Case No. 3:13-cv-437-NJR-DGW
C/O BART LIND, et al.,          )
                                )
        Defendants.             )

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is Plaintiff's Motion to Strike Defendants' Supplemental Initial Disclosures or in the Alternative to Re-Open Discovery (Doc. 91), Defendants' Motion for Leave to Amend their Answer and Affirmative Defenses (Doc. 93), and Plaintiff's Motion for Extension of Time to Serve Disclosures of Expert Testimony under Federal Rule of Civil Procedure 26 (Doc. 98).  For the reasons set forth below, the Motion to Strike (Doc. 91) is **GRANTED**, the Motion to Amend (Doc. 93) is **DENIED**, and the Motion for Extension of Time (Doc. 98) is **DENIED**.

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL INITIAL DISCLOSURES OR IN THE ALTERNATIVE TO REOPEN DISCOVERY (DOC. 91)

In this motion, Plaintiff asks the Court to strike Defendants' supplemental disclosures served on April 14, 2016 asserting said disclosures were made out of time and are highly prejudicial.   In the alternative, Plaintiff asks the Court to reopen discovery to investigate matters related to the assault alleged in Plaintiff's complaint.

The supplemental disclosures at issue identify Dennis Kehl, a former cellmate of the Plaintiff, as a fact witness for Defendants (*see* Doc. 91-1, p. 1).  Defendants seek to disclose an

undated statement purportedly written by Kehl that asserts Plaintiff revealed to Kehl that Plaintiff stabbed himself in order to get a new cellmate (*see id.* at p. 4). Said statement clearly contradicts Plaintiff's allegations in his Second Amended Complaint (*see* Doc. 51).

Plaintiff correctly notes that the Scheduling Order in this matter required Defendants to make their initial disclosures, including providing Plaintiff with the names of persons with knowledge of the incidents and a short description of the subject of their knowledge, by August 22, 2014 (Doc. 37, p. 2). Further, the Court ordered any party making an appearance after the date of the Court's Scheduling Order to make the required disclosures within 30 days from their appearance in this case (*Id.* at p. 3). The last defendant to enter their appearance in this matter was Defendant Belford, whose counsel entered their appearance on Defendant Belford's behalf on April 24, 2015, making his initial disclosures due by May 24, 2015. Moreover, the discovery deadline in this matter was set for May 8, 2015 (*see* Doc. 37, p. 4).

Attorney David P. Stoeberl was appointed to represent Plaintiff in this matter on January 15, 2016. Subsequently, the Court held a status conference with the parties wherein the Court indicated that "[a]ny outstanding discovery responses shall be provided by April 18, 2016" (Doc. 86). Defendants did not seek leave to file any additional initial disclosures at the status conference. Trial in this matter is currently set before District Judge Nancy J. Rosenstengel for August 23, 2016.

As mentioned before, Defendants propounded supplemental disclosures on Plaintiff on April 14, 2016, approximately one year after discovery in this matter had closed and after dispositive motions had been filed and ruled on. Although the Court later indicated that outstanding discovery responses were to be provided by April 18, 2016, the Court did not intend to reopen discovery or allow for untimely disclosure of supplemental discovery. While the Court

recognizes that Rule 26(e) of the Federal Rules of Civil Procedure allow a party to supplement disclosures, such supplementation ***must*** be made in a timely manner so as to prevent parties from "spring[ing] late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." *Barlow v. General Motors Corp.*, 595 F.Supp.2d 929, 935-36 (S.D. Ind. 2009) (citations omitted).  If a party fails to provide information or identify a witness as required by Rule 26(e), the party is not allowed to use that information or witness at a hearing or at trial, unless such failure is harmless.  FED. R. CIV. P. 37(c).  Here, Defendants' supplemental disclosure at this point in the litigation is certainly not harmless, nor have Defendants provided a justification for their late disclosure.  Indeed, in their response to Plaintiff's motion, Defendants admit that Plaintiff is prejudiced by the statement of Dennis Kehl, yet, Defendants make no attempt at explaining the late disclosure.  Instead, Defendants assert that the statement is impeachment evidence, exempt from disclosure under FED. R. CIV. P. 26(a)(i).  As Defendants have provided no justification for the untimeliness of their disclosure, the Court is left to assume that Plaintiff's suggestion that the statement of Dennis Kehl was likely in Defendants' possession since before July 2015 is accurate.

Whether or not Kehl's statement may be admissible as impeachment evidence is not before the Court today.  The issue before the Court is whether Defendants' supplemental initial disclosures served on April 14, 2016 should be stricken.  Because of the untimeliness of the disclosure, coupled with the prejudice that would endure to Plaintiff if the disclosure were allowed, the Court finds that the disclosure must be **STRICKEN** pursuant to Rule 37.  Accordingly, Plaintiff's Motion to Strike (Doc. 91) is **GRANTED**.

### DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER
### AND AFFIRMATIVE DEFENSES (DOC. 93)

In this motion, Defendants seek leave to amend their answer to dispute whether the assault mentioned in Plaintiff's complaint took place in light of a statement made by Plaintiff's former cellmate, Dennis Kehl[1]. Defendants assert that Plaintiff will not be prejudiced by their request as Defendants continue to deny they were not aware of any threat to Plaintiff's safety and admit that Plaintiff reported the assault and an investigation found he had been assaulted. Plaintiff opposes Defendants motion, citing undue delay and prejudice. More specifically, Plaintiff asserts that Defendants' motion, made only three months prior to the scheduled trial of August 23, 2016, is unexcused and unduly delayed as Defendants' apparently had knowledge of Kehl's statement since 2014. Moreover, Plaintiff asserts he will suffer undue prejudice as discovery in this matter is closed and, an amendment at this point would deprive him of the opportunity to gather evidence to rebut Kehl's anticipated testimony. The Court agrees.

While Federal Rule of Civil Procedure 15(a) states that a party may amend a pleading and leave to amend should be freely given "when justice so requires," a court may deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Here, Defendant's motion is certainly unduly delayed and would cause significant prejudice to Plaintiff at trial, which is set to take place in just over two months. First, Defendants have not provided any indication that the statement by Kehl (which is the basis for their motion to amend), was recently obtained or discovered. Indeed, Defendants are silent as to

---

[1] It does not escape the Court that the filing of said motion came on the heels of Defendants' filing of their response to Plaintiff's motion to strike (Doc. 92) wherein Defendants asserted that the "statement of Dennis Kehl and his entire testimony is impeachment evidence, exempt from disclosure." As Plaintiff points out, Defendants' assertion that Mr. Kehl's testimony would be limited to impeachment purposes is belied by their filing of the motion to amend their answer.

when this information became available.  As such, the Court is inclined to find Plaintiff's suggestion that this information was in Defendants' possession sometime in 2014, to be accurate. Accordingly, the Court finds that Defendants were unduly delayed in bringing forth their motion. Moreover, allowing Defendants to amend their answer at this point in the litigation would certainly prejudice Plaintiff as Plaintiff would be deprived of the opportunity to gather evidence to rebut Kehl's anticipated testimony as discovery in this matter has closed.  For these reasons, Defendants' Motion to Amend (Doc. 93) is **DENIED**.

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DISCLOSURES OF EXPERT TESTIMONY UNDER FEDERAL RULE OF CIVIL PROCEDURE 26 (DOC. 98)

In this motion, Plaintiff asks the Court for a 30-day extension of time to serve their expert disclosures on Defendants due to Plaintiff's current living situation (Plaintiff was recently paroled and is currently residing in Joliet, Illinois) and Defendants' failure to provide documents as mandated by the Court's February 29, 2016 Order (*see* Doc. 86).  In opposing the motion, Defendants contend that discovery in this matter closed May 8, 2015 and allowing an extension of time to disclose experts will prejudice Defendants and require additional discovery on the eve of trial.

While the Court acknowledges that Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure allows for the disclosure of expert witnesses 90 days before trial, this deadline is only applicable absent a stipulation or court order to the contrary.  Here, the Court entered a Scheduling Order on July 10, 2014 that, admittedly, did not specifically address expert disclosures; however, said Scheduling Order indicated that "[a]ll discovery must be completed by May 8, 2015" (Doc. 37, p. 4).  Accordingly, this discovery deadline is applicable to expert disclosures and related discovery, making Plaintiff's request not merely an extension of time to

serve disclosures, but a request to reopen discovery, which the Court is not inclined to do. Discovery in this matter has closed, dispositive motions have been filed and ruled on, and this matter is set for trial before District Judge Nancy J. Rosenstengel on August 23, 2016. Allowing expert discovery at this point would certainly prejudice Defendants and require a reopening of discovery and rescheduling of the trial date in this case. For these reasons, Plaintiff's Motion for Extension of Time (Doc. 98) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 15, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**